IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AXCESS INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>GENETEC (USA) INC.,<br><br>Defendant. | Civil Action No. 1:18-cv-01276-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 13). Defendant challenges the patent eligibility of every claim of U.S. Patent No. 7,216,158 ("'158 Patent") under 35 U.S.C. § 101. The Parties have fully briefed the issue. (D.I. 14, 17, 19). For the reasons set out below, I will deny Defendant's motion.

**I. BACKGROUND**

Plaintiff filed this lawsuit on August 8, 2018, alleging that Defendant infringes claims 14-18 of the '158 Patent. (D.I. 1). The Patent contains three independent and twenty dependent claims. Asserted independent claim 14 is representative:

> A method of providing identity verification for access to a secure area, comprising:
>
> > eliciting a radio response from a radio frequency identification (RFID) tag at an access door of a secure area;
> >
> > determining whether access by a wearer of the RFID tag to the secure area is authorized based on the radio response;
> >
> > recording a video image of the wearer of the RFID tag at the access door; and

> controlling access to the door to provide access to the secure area by the wearer only if access by the wearer is authorized.

('158 Patent, claim 14).

## II. LEGAL STANDARD

### A. *12(b)(6) Motion to Dismiss*

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### B. *35 U.S.C. § 101 Patent Eligible Subject Matter*

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court recognizes three categories of subject matter that are not eligible for patents—laws of nature,

natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The purpose of these exceptions is to protect the "basic tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Id.* at 1293-94 (internal quotation marks and emphasis omitted). In order "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 1294 (emphasis omitted).

In *Alice*, the Supreme Court reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." 134 S. Ct. at 2355. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and as an 'ordered combination'" to see if there is an "'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original). "A claim that recites an abstract idea must include 'additional features' to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *Id.* at 2357. Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Id.* at 2358 (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.*

3

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski*, 561 U.S. at 602. Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 2621 (2018). In those situations, claim construction is not required to conduct a Section 101 analysis. *Genetic Techs. Ltd. v. Merial LLC.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016) ("[C]laim construction is not an inviolable prerequisite to a validity determination under § 101.") (brackets in original, internal citations and quotations omitted). Moreover, the Federal Circuit has held that the district court is not required to individually address claims not asserted or identified by the non-moving party, so long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotation marks omitted).

### III. DISCUSSION

"First, we determine whether the claims at issue are directed to [an abstract idea]." *Alice*, 134 S. Ct. at 2355. "The 'abstract ideas' category embodies 'the longstanding rule that an idea of itself is not patentable.'" *Id.* (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)). "The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea' sufficient to satisfy the first step of the *Mayo/Alice* inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). The Supreme Court has recognized, however, that "fundamental economic practice[s]," *Bilski*, 561 U.S. at 611, "method[s] of organizing human activity," *Alice*, 134 S. Ct. at 2356, and mathematical algorithms, *Benson*, 409 U.S. at 64, are abstract ideas. In navigating the parameters of such categories, courts have generally sought to "compare claims at issue to those claims already found to be directed to an abstract idea in

4

previous cases." *Enfish*, 822 F.3d at 1334. "[S]ome improvements in computer-related technology when appropriately claimed are undoubtedly not abstract." *Id.* at 1335. "[I]n determining whether the claims are directed to an abstract idea, we must be careful to avoid oversimplifying the claims because '[a]t some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (alterations in original) (quoting *Alice*, 134 S. Ct. at 2354).

Defendant argues that the claims of the '158 Patent are direct to "the naked idea of monitoring and controlling access to a location." (D.I. 14 at 2). I do not agree. The asserted claims of the '158 Patent are directed to using RFID equipment and video to remotely watch over, and limit access to, property. (*See* '158 Patent, claim 14). Using RFID equipment and video to monitor property is not, however, an unpatentable abstract idea. Rather, it is a concrete application of an idea, the idea of keeping watch, and specifically tethered to tangible equipment. The asserted claims, for example, require a tangible RFID tag and a limited-access door. (*Id.*). They also require a device capable of recording a video. (*Id.*). Methods with real-world impact, implemented on physical devices, are not rendered abstract merely by the ability of a human to achieve a similar result (e.g. keeping watch) via different means.

Thus, I find the asserted claims of the '158 Patent are not directed at an unpatentable abstract idea.[1] As I find that the claims are not directed to unpatentable subject matter, I need not consider whether the claims contain an inventive concept.

---

[1] Defendant also challenges the unasserted claims of the '158 Patent as unpatentable under 35 U.S.C. § 101. There is no indication that Plaintiff intends to assert those additional claims in this action. Thus, whether the unasserted claims are patent ineligible has no bearing on the outcome of this motion to dismiss and need not be addressed.

5

## IV. CONCLUSION

Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 13) is **DENIED**.

Entered this 23 day of April 2019.

                                                                           United States District Judge